UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOA DAO, *et al*, § | |
| § | |
| Appellants, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-1381 |
| § | |
| RONALD J SOMMERS, § | |
| § | |
| Appellee. § | |

## ORDER AND OPINION

Before the Court are Appellee's Motion to Dismiss Appeal (Document No. 12), Appellants' Response in Opposition to Appellee's Motion to Dismiss Appeal (Document No. 14), and Appellants' Supplemental Response to Appellee's Motion to Dismiss Appeal (Document No. 18). After considering these documents, the facts in the record, and the applicable law, the Court concludes that Appellee's Motion to Dismiss Appeal (Document No. 12) is granted.

### BACKGROUND

On January 2, 2015, Huy Can Dao (the Debtor) filed for Chapter 13 bankruptcy. Document No. 5-2 at 1. The main asset Debtor listed in his voluntary petition was a commercial building located at 2218 Northpark Dr., Kingwood, TX 77339 (the Property). Document No. 5-2 at 6. At the time Debtor filed for bankruptcy, the Property was encumbered by a mortgage owned by PAL Realty, Inc.

Debtor also listed two pending lawsuits as assets in his voluntary petition. In the first lawsuit (MCC lawsuit), Appellant Hoa Dao[1] (Ms. Dao), acting on behalf of Debtor, filed suit against Maryland Casualty Company (MCC) and Craig Raus seeking monetary damages for

---

[1] During the bankruptcy proceedings, Ms. Dao claimed to be a current or former spouse of Debtor. Ms. Dao's legal relationship to Debtor, while potentially relevant to the appeal, is irrelevant to the disposition of this motion.

claims arising from an insurance policy issued by MCC covering damage to the Property from Hurricane Ike. Document No. 5-2 at 316. In the second lawsuit (iSenior lawsuit), Ms. Dao, acting on behalf of Debtor, filed suit against iSeniorSolutions, LLC and First American Title Company seeking the release of escrowed funds held in connection with a prior contract to buy the Property. Specifically, Ms. Dao argued that iSenior failed to close on a sale of the Property and, therefore, she and Debtor were entitled to $38,500 in escrowed funds held by First American Title. In connection with the iSenior lawsuit, Ms. Dao filed a *lis pendens* encumbering the Property in the Harris County real property records.

Soon after Debtor filed for bankruptcy, PAL Realty, as lienholder on the Property, filed a motion for relief from the automatic stay on action against the Property. Document No. 5-2 at 60. PAL Realty alleged that the Property was not properly insured and that the Property was in disrepair. As a result, PAL Realty sought to lift the stay so it could foreclose on the Property and protect its interest. In April 2015, the bankruptcy court denied PAL Realty's motion, but ordered the Debtor to sell the Property within six months of the order. Document No. 5-2 at 172. Several months later, PAL Realty filed a motion for reconsideration of the order denying the motion for relief, alleging that the Property was about to lose insurance coverage. Document No. 5-2 at 185–88. The bankruptcy court granted the motion for reconsideration and lifted the stay, allowing PAL Realty to foreclose on the Property. Document No. 5-2 at 201.

When PAL Realty attempted to foreclose on the Property, Debtor and Ms. Dao filed a lawsuit against PAL Realty seeking to enjoin the foreclosure (the PAL Realty lawsuit). Document No. 5-2 at 316–17. Ms. Dao also filed a *lis pendens* encumbering the Property in the Harris County real property records in connection with the lawsuit.

In August 2015, Debtor filed a notice of conversion to Chapter 7 bankruptcy. Document

No. 5-2 at 309–10. The bankruptcy was automatically converted, and soon after, Ronald J. Sommers (Trustee) was appointed as the trustee of the bankruptcy estate. On December 15, 2015, Trustee filed an Emergency Motion to Approve Compromise with PAL Realty, MCC, and Craig Raus. Document No. 5-2 at 313–22. In the motion, Trustee explained that PAL Realty had received a time-sensitive offer to sell the Property, but needed the pending litigation and *lis pendens* encumbering the property to be lifted. Trustee, MCC, Raus, and PAL Realty entered into a global compromise settling the pending lawsuits and removing the *lis pendens*. Under the agreement, (1) PAL Realty would withdraw and release any and all claims against the bankruptcy estate of Debtor; (2) PAL Realty would assign all of its claims against MCC and Raus to Trustee; (3) MCC would make a lump sum payment of $60,000 to Trustee; (4) Trustee would release and discharge PAL Realty from any and all claims or causes of actions asserted on behalf of Debtor; and (5) Trustee would release and discharge MCC and Raus from all claims or causes of action asserted on behalf of Debtor. Document No. 5-2 at 317–18. The Bankruptcy Court granted the motion and approved the compromise on December 16, 2015. Document No. 5-2 at 337–40.

Thereafter, Debtor and Ms. Dao moved for the Bankruptcy Court to reconsider its approval of the compromise. In her motion, Ms. Dao argued that she and her adult children, Quynh Nhu Dao and Thuy Vi Dao (the Daughters), had property interests in the Property and the MCC lawsuit. Document No. 5-2 at 341–43.

On February 18, 2016, Trustee filed a Motion to Approve Compromise with iSenior Solutions, LLC. Document No. 5-2 at 432–41. In the motion, Trustee asked the Bankruptcy Court to approve the agreement with iSenior in which iSenior would agree to release $8,500 of the escrowed $38,500 to the Trustee in exchange for a full and final release of the estate's claims

in connection with the iSenior lawsuit. Document No. 5-2 at 434–35. On May 3, 2016, the Bankruptcy Court held a hearing and granted Trustee's Motion to Approve the Compromise with iSenior and denied the motion to reconsider the approval of the compromise with PAL Realty, MCC, and Raus. Document No. 5-2 at 523–25.

Ms. Dao and the Daughters (collectively "Appellants") appealed the following orders to this Court: (1) the Order Granting Emergency Application to Compromise Controversy; (2) the Order Granting Application to Compromise Controversy with iSenior Solutions, LLC; (3) the Order Denying Motion to Vacate Order Approving Compromise with PAL Realty, Inc., Maryland Casualty Co., and Craig Raus; and (4) the Order Denying Motion to Reconsider Order Granting the Trustee's Emergency Motion to Approve Compromise with PAL Realty, Inc., Maryland Casualty Co., and Craig Raus. Document No. 8 at 1.

Trustee filed a Motion to Dismiss the Appeal (Document No. 12) arguing that the appeal is equitably moot and seeking the dismissal of the Daughters as appellants.[2]

## DISCUSSION

Courts do not normally apply equitable mootness to Chapter 7 proceedings because "it is a doctrine that courts have developed in response to the particular problems presented by the consummation of plans of reorganization under Chapter 11." *In re Grimland, Inc.*, 243 F.3d 228, 231 (5th Cir. 2001). However, it is not unheard of. In *ANR Co. v. Rushton*, No. 2:10-CV-79 TS, 2012 WL 1556236, at *3–7 (D. Utah May 2, 2012), the United States District Court for the District of Utah conducted an extensive, national review of the case law on the application of equitable mootness to Chapter 7 proceedings. The court found that several circuits, including the

---

[2] Trustee also sought to dismiss the appeal on the grounds that Appellants failed to order and provide a transcript of the emergency hearing held on December 16, 2015. Appellants have since supplemented the record with the emergency hearing transcript without objection from Trustee. Document No. 19, Document No. 23. Accordingly, Trustee's argument concerning the lack of the hearing transcript is moot.

Ninth Circuit[3] and the Fourth Circuit,[4] have applied the doctrine of equitable mootness to Chapter 7 proceedings.[5] *Id.* at *4. Just as the District Court for the District of Utah was persuaded that equitable mootness should apply in Chapter 7 cases, so too is this Court.[6]

"The doctrine of equitable mootness is designed 'to address equitable concerns unique to bankruptcy proceedings.'" *In re San Patricio Cty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009) (quoting *In re Manges*, 29 F.3d 1034, 1038 (5th Cir. 1994)). "An appeal is equitably moot when a plan of reorganization has been so substantially consummated that a court cannot order effective relief even though a live dispute remains among some parties to the bankruptcy case." *In re Hilal*, 534 F.3d 498, 500 (5th Cir. 2008). The Fifth Circuit has articulated three factors courts should follow when considering equitable mootness: "(i) whether a stay has been obtained, (ii) whether the plan has been 'substantially consummated,' and (iii) whether the relief requested would affect either the rights of parties not before the court or the success of the plan." *In re Manges*, 29 F.3d at 1039 (quoting *In re Block Shim Dev. Co.*, 939 F.2d 289, 291 (5th Cir. 1991)).

The first two factors are easily met in this case. Neither Ms. Dao nor the Daughters ever sought a stay of the bankruptcy court's orders approving the two compromises, and the compromises have all been substantially consummated. The state court suits have all been dismissed with prejudice and all the funds that were held in the state court's registry have been

---

[3] *Stokes v. Gardner*, 483 F. App'x 345, 346 (9th Cir. 2012); *In re Fitzgerald*, 428 B.R. 872, 881–82 (B.A.P. 9th Cir. 2010); *In re Wright*, No. MT-08-1164-MoDH, 2008 WL 8462954, at *4–5 (B.A.P 9th Cir. Nov. 3, 2008).
[4] *In re Shawnee Hills, Inc.*, 125 F. App'x 466, 469–70 (4th Cir. 2005); *In re Carr*, 321 B.R. 702, 706–07 (E.D. Va. 2005).
[5] The Eleventh Circuit has also applied equitable mootness in Chapter 7 cases: *In re: JMC Memphis, LLC*, 655 F. App'x 802, 804–05 (11th Cir. 2016); *In re Strickland & Davis Int'l, Inc.*, 612 F. App'x 971, 978–79 (11th Cir. 2015). So has the First Circuit: *In re Marmarinos*, 464 B.R. 498, 500–01 (B.A.P. 1st Cir. 2012); *In re Conley*, 369 B.R. 67, 71 (B.A.P. 1st Cir. 2007); *In re E. Co.*, 148 B.R. 367, 369 (D. Mass. 1992).
[6] It is worth noting that this Court will not be the first to apply equitable mootness to Chapter 7 cases in this circuit. The doctrine has been applied twice before. *See In re Pequeno*, 246 F. App'x 274, 275 (5th Cir. 2007); *Raborn v. Schott*, No. 17-000292-BAJ-RLB, 2017 WL 5473885, at *3 (M.D. La. Nov. 14, 2017).

paid to the Trustee or to iSenior. Further, the two *lis pendens* on the Property have been removed, and the Property has been sold to a third party.

The third factor is a closer question, but the Court still finds that it is satisfied here. The interests of the Property's new owner would certainly be affected if this Court were to overturn the compromises as Ms. Dao and the Daughters request. Ms. Dao and the Daughters allege that they have an ownership interest in the Property, which would cloud the title, substantially affect the interests of the new third-party owner, and undermine the success of the compromises. Perhaps most importantly, however, Ms. Dao and the Daughters request that the state court suits be reinstated. These suits have all been dismissed with prejudice and any funds dispersed. Reinstating those suits would affect the rights and interests of MCC, iSenior, and PAL Realty, none of whom are parties to this appeal. Because this Court cannot fashion an equitable remedy in this case without unraveling the compromises and affecting the interests of third parties, this appeal is equitably moot and must be dismissed. *See In re Blast Energy Servs., Inc.*, 593 F.3d 418, 425 (5th Cir. 2010) ("Only when the relief that a party requests will likely unravel the plan does it become impractical and inappropriate for a court to grant such relief; in such a case, the court abstains from reviewing the appeal.").

## Conclusion

The Court, after considering the motions and responses filed by the parties, concludes, for the reasons set forth above, that Appellee's Motion to Dismiss Appeal should be granted. Accordingly, it is hereby

ORDERED that Appellee's Motion to Dismiss Appeal (Document No. 12) is GRANTED and the case DISMISSED.

SIGNED at Houston, Texas, this 1st day of March, 2018.

                                                                       MELINDA HARMON
                                                         UNITED STATES DISTRICT JUDGE